**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD S. GERMOND, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:22-cv-03125-LDH-RLM |
| Plaintiff, | |
| v. | |
| SPERO THERAPEUTICS, INC., ANKIT MAHADEVIA, and SATYAVRAT SHUKLA, | |
| Defendants. | |
| KASHIF MEMON, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:22-cv-04154-LDH-RML |
| Plaintiff, | |
| v. | |
| SPERO THERAPEUTICS, INC., ANKIT MAHADEVIA, and SATYAVRAT SHUKLA, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF NABIL SAAD'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

Nabil Saad ("Saad") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Saad as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Saad's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.     PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities who purchased or otherwise acquired Spero Therapeutics, Inc. ("Spero") securities between May 6, 2021 and May 2, 2022, both dates inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Saad is the "most adequate plaintiff" as defined by the PSLRA.

Saad believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Saad satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff

1

provision, Saad respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Saad's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

Spero is a clinical-stage biopharmaceutical company focused on identifying, developing, and commercializing treatments for multi-drug resistant (MDR) bacterial infections and rare diseases. The Company's product candidates include Tebipenem Pivoxil Hydrobromide (HBr), an oral carbapenem-class antibiotic to treat complicated urinary tract infections, including pyelonephritis for adults.

On October 28, 2021, Spero announced that it had submitted a New Drug Application ("NDA") to the U.S. Food and Drug Administration ("FDA") for Tebipenem HBr (the "Tebipenem HBr NDA").

The complaints in the above-captioned actions allege that throughout the Class Period, Defendants made materially false and/or misleading statements regarding the Company's business, operations, and compliance policies. Specifically, the complaints alleged that Defendants failed to disclose that, contrary to the Company's representations: (i) the data submitted in support of the Tebipenem HBr NDA were insufficient to obtain FDA approval; (ii) accordingly, it was unlikely that the FDA would approve the Tebipenem HBr NDA in its current form; (iii) the foregoing would necessitate a significant workforce reduction and restructuring of

---

[1] This section is adapted from the complaints in the above-captioned actions.

Spero's operations; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

On March 31, 2022, Spero issued a press release announcing its fourth quarter and full year 2021 financial results. Therein Spero disclosed that "[t]he U.S. Food and Drug Administration (FDA) has notified Spero that, as part of its ongoing review of Spero's New Drug Application (NDA) for tebipenem HBr, it has identified deficiencies that preclude discussion of labeling and post-marketing requirements/commitments at this time." On this news, Spero's stock price fell $1.59 per share, or 18.27%, to close at $7.11 per share on April 1, 2022.

Then on May 3, 2022, Spero issued a press release announcing "that it will immediately defer current commercialization activities for tebipenem HBr based on feedback from a recent Late Cycle Meeting (LCM) with the U.S. Food and Drug Administration (FDA) regarding Spero's New Drug Application (NDA) for tebipenem HBr[,]" and that, "[a]lthough the review is still ongoing and the FDA has not yet made any final determination regarding approvability, the discussion suggested that the data package may be insufficient to support approval during this review cycle." Specifically, the FDA advised the Company that the FDA's separate analysis of the relevant study population had "reduce[d] the number of evaluable patients in the primary analysis population compared with those resulting from the trial's pre-specified micro-ITT population as outlined in the statistical analysis plan" and [a]s a result, the FDA considers that the pre-specified non-inferiority margin of -12.5% was not met." The press release also advised that, "[i]n connection with this development, Spero announced that it is undertaking a reduction in its workforce by approximately 75% and a restructuring of its operations to reduce operating costs and reallocate resources." On this news, Spero's stock price fell $3.24 per share, or 63.65%, to close at $1.85 per share on May 3, 2022.

3

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, class members have suffered significant losses and damages.

## III.    PROCEDURAL BACKGROUND

On May 26, 2022, Plaintiff Richard S. Germond commenced a securities fraud class action against Spero and certain of its officers, captioned *Germond v. Spero Therapeutics, Inc.*, No. 1:22-cv-03125 (the "*Germond* Action"). It is brought on behalf of all persons and entities that purchased or otherwise acquired Spero securities between October 28, 2021 and May 2, 2022, inclusive.

On July 15, 2022, Plaintiff Kashif Memon commenced a similar action, captioned *Memon v. Spero Therapeutics, Inc.*, No. 1:22-cv-04154 (the "*Memon* Action," and together with the *Germond* Action, the "Related Actions"). The *Memon* Action proposes an expanded class period, alleging claims on behalf of persons and entities that purchased or otherwise acquired Spero securities between May 6, 2021 and May 2, 2022, inclusive.

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Both of the Related Actions presents similar factual and legal issues, as they both involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben Plan v.*

4

*Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

### B.      Saad Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Saad satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Saad has, to the best of his

knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Saad is not aware of any unique defenses the defendants could raise against him that would render him inadequate to represent the class. Accordingly, Saad respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.      Saad Filed a Timely Motion

Saad has made a timely motion in response to a PSLRA early notice. On May 26, 2022, pursuant to the PSLRA, notice was published in connection with the first-filed action against Defendants herein. *See* Declaration of Gregory B. Linkh ("Linkh Decl."), Ex. A. Therefore, Saad had sixty days (*i.e.*, until July 25, 2022) to file a motion to be appointed as lead plaintiff. As a purchaser of Spero securities during the Class Period, Saad is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Saad attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Saad satisfies the first requirement to serve as lead plaintiff for the class.

### 2.      Saad Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Saad believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Saad purchased Spero securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $92,072.53. *See* Linkh Decl., Ex. C. To the best of his knowledge, Saad is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Saad believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

3. **Saad Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a) Saad's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Saad's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Saad alleges that the Defendants' material misstatements and omissions concerning Spero's business, operations, and financial prospects violated the federal securities laws. Saad, like all members of the class, purchased Spero securities in reliance on the Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Saad's interests and claims are "typical" of the interests and claims of the class.

### b) Saad Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Saad has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Saad lives in Toronto, Canada, and has been managing his own portfolio since 2008. Saad is a financial analyst for the University of Toronto, and has a Bachelor of Arts degree in finance. Moreover, Saad is not aware of any conflict between his claims and those asserted on behalf of the class.

8

**C.      The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Here, Saad has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on his behalf and will retain the firm as the class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

**V.      CONCLUSION**

For the foregoing reasons, Nabil Saad respectfully requests that the Court grant his Motion and enter an Order (1) consolidating the Related Actions; (2) appointing Saad as Lead Plaintiff; (3) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: July 25, 2022          **GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Nabil Saad and Proposed Lead Counsel for the Class*

10

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On July 25, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 25, 2022, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh