UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re Spero Therapeutics, Inc. Securities Litigation | Case No.  1:22-cv-03125-LDH-RLM<br><br>MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF KASHIF MEMON FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION |

Movant Memon[1] respectfully submits this Memorandum of Law in further support of his motion for appointment as Lead Plaintiff and approval of his selection of Pomerantz as Lead Counsel (Dkt. No. 9) in the above-captioned consolidated action (the "Action"); and in opposition to the competing motion of Nabil Saad ("Saad") (Dkt. No. 6).

**PRELIMINARY STATEMENT**

This is a class action securities fraud lawsuit against Spero and certain of the Company's officers. As with all federal class action securities fraud lawsuits, a Lead Plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant or movants with the greatest financial interest in the outcome of the action; *and* who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is Memon. Although the PSLRA does not define "financial interest," courts in the Second Circuit generally assess financial interest with reference to the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.* No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997): (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See, e.g.*, *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-*8 (E.D.N.Y. Mar. 2, 2007). The table below sets forth the financial interest of Memon compared to that of Saad, the only other movant:

---

[1] All capitalized terms herein are defined in Memon's moving brief, unless otherwise indicated. *See* Dkt. No. 9-2.

1

| Movant | Shares Purchased | Funds Expended | Net Shares Purchased (Retained Shares) | | Loss |
|---|---|---|---|---|---|
| | | | 3/31/2022 | 5/3/2022 | |
| Memon | 51,446 | $823,892 | 12,305 | 16,405 | $163,918 |
| Saad | 16,300 | $123,695 | 4,700 | 16,300 | $92,073 |

As the table reflects, Memon plainly has the largest financial interest by any relevant metric. Memon incurred the largest loss—the most significant of the *Lax* factors—by a significant margin. *See*, *e.g.*, *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018) (equating financial interest with economic loss). The only competing movant, Saad, incurred a loss of only $92,073—nearly $72,000 less than Memon. Memon also purchased more shares, expended more funds on those purchases, and retained more shares at the time of each of the collective disclosures alleged in the Complaint. As such, Memon has the greatest financial interest of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff.

In addition to his significant financial interest, Memon also satisfies the adequacy and typicality requirements of Rule 23. Memon, like all members of the Class, purchased Spero securities at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations or omissions. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class claims, satisfy the requirements of Rule 23. *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018).

For the reasons set forth herein, Memon respectfully submits that his motion should be granted in its entirety, and that the competing motion should be denied.

## ARGUMENT

### A.  MEMON SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The movant that has the largest financial interest must "make a *prima facie* showing that they meet [the requirements of] Rule 23".  *Aude*, 2018 U.S. Dist. LEXIS 57591, at *8; *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007).  Once this presumption is triggered, it may be rebutted upon proof that the presumptive lead plaintiff will not fairly represent the interests of the Class.  15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) (emphasis added).  Here, the most adequate class representative is Memon.

### 1.  Memon Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in the Second Circuit and around the country recognize that the amount of financial loss is the most significant factor to be considered.  *See*, *e.g.*, *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) (equating financial interest with economic loss); *Chahal*, 2018 U.S. Dist. LEXIS 104185, at *12 (same); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017) (same); *In re Comverse Tech., Inc. Sec. Litig.,* No. 06-CV-1825, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the

class period to be most influential in identifying the plaintiff with the largest financial interest");

*In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 421, 511 (E.D. Pa. 2005) (finding the amount

of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577,

579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered

the greatest total losses."). Second to monetary loss, courts sometimes also assess financial

interest with reference to the other three *Lax* factors: shares purchased, funds expended, and net

shares purchased (*i.e.*, shares retained). *See*, *e.g.*, *In re Deutsche Bank Aktiengesellschaft Sec.*

*Litig.*, 16-CV-03495 (AT) (BCM), 2016 WL 5867497, at *3-*4 (S.D.N.Y. Oct. 4, 2016);

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008).

As the chart at p. 2 illustrates, Memon leads Saad across all four of the *Lax* factors. Most

importantly, Memon suffered a loss of $163,918 in connection with his Class Period purchases

of Spero shares. Saad, the only other competing movant, incurred a loss nearly $72,000 less than

that of Memon. Memon also purchased more shares, expended more funds on his purchases, and

retained more shares than Saad. Accordingly, no movant seeking appointment as lead plaintiff in

the Action has alleged a larger financial interest in the litigation than Memon.

> **2.    Memon Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

In addition to possessing the largest financial interest in the relief sought by the Class,

Memon has also made the requisite *prima facie* showing that he satisfies the typicality and

adequacy requirements of Rule 23. *Aude*, 2018 WL 1634872, at *3; *Kaplan*, 240 F.R.D. at 94.

First, Memon's claims satisfy the typicality requirements of Rule 23(a)(3) because his

claims in the Action are based on the same legal theory and arise from the same events and

course of conduct as the Class's claims. *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008

WL 2811358, at *5 (S.D.N.Y. July 7, 2008); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113,

4

120 (S.D.N.Y. 2010).   Second, Memon satisfies the adequacy requirement of Rule 23(a)(4) because he has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, is aware of no conflict between his interests and those of the putative Class, and, as discussed in greater detail below, he has selected counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class.  *Foley*, 272 F.R.D. at 131; *Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018).   Memon has further demonstrated his adequacy by the submission of a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See generally* Dkt. No. 9-7.

\* \* \* \*

Because Memon has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, he is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA.   To overcome the strong presumption entitling Memon to appointment as Lead Plaintiff, the PSLRA requires **"*proof*"** that the presumptive Lead Plaintiff is inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any arguments to the contrary should be flatly rejected.

**B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383

(S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Memon has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  *See* Lieberman Decl., Ex. E.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010.  *See id.*  More recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat investors that it has reached a $110 million settlement with the company.  *Id.*  Thus, the Court may be assured that by approving the selection of Lead Counsel by Memon, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Memon respectfully requests that the Court issue an Order: (1) appointing Memon as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated:  August 8, 2022

Respectfully submitted,

**POMERANTZ LLP**

/s/ Jeremy A. Lieberman
Jeremy A. Lieberman
J. Alexander Hood II
Thomas H. Przybylowski
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Kashif Memon and Proposed
Lead Counsel for the Class*

**THE SCHALL FIRM**
Brian Schall
(*pro hac vice* application forthcoming)
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
brian@schallfirm.com

*Additional Counsel for Kashif Memon*