**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SPERO THERAPEUTICS, INC. SECURITIES LITIGATION | Case No. 1:22-cv-03125-LDH-RLM |
| THIS DOCUMENT RELATES TO: All Actions | <u>CLASS ACTION</u><br><br>**NABIL SAAD'S OPPOSITION TO THE MOTION OF KASHIF MEMON FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |

Lead Plaintiff Movant Nabil Saad ("Saad") submits this memorandum of law in opposition to the motion of Kashif Memon ("Memon") for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 9).

## I.    INTRODUCTION

Saad and Memon are the only two investors that moved for appointment as lead plaintiff. The PSLRA directs courts to appoint the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members"—as lead plaintiff and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is rebutted, the inquiry continues with the movant who has the next largest financial interest until a suitable lead plaintiff is identified.

Here, Memon claims in his moving papers to have a loss of $163,918, *see* Dkt. No. 9-4, which is larger than Saad's. *See* Dkt. No 8-3 ($92,072). However, it appears Memon's loss figure is inaccurate as Memon claims to have sold 5,852 more shares than he certified he owned on June 30, 2021.   Likewise, Memon certified that he engaged in at least 19 transactions that occurred at prices outside the daily range on the days they were purportedly executed—some off by more than $5.00 per share.[1] Memon does not explain the discrepancies. Courts routinely

---

[1] *See* Declaration of Gregory B. Linkh in Support of Nabil Saad's Opposition to the Motion of Kashif Memon for Appointment as Lead Plaintiff and Approval of Lead Counsel, Ex. A (Kashif Memon's Out-of-Range Transactions in Spero Therapeutics, Inc. (SPRO)).

disregard or disqualify lead plaintiff movants that submit erroneous loss figures or incomplete transaction data.

Since Saad is the only *bona fide* movant who filed a timely motion and alleges a verifiable financial interest in this action, he is the presumptively most adequate plaintiff. Since the presumption has not been rebutted, Saad should be appointed lead plaintiff, and his selection of lead counsel should be approved.

II.    **SAAD IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF BECAUSE HE IS THE ONLY MOVANT THAT HAS CLAIMED A *BONA FIDE* FINANCIAL INTEREST IN THIS ACTION**

Saad is the presumptively most adequate plaintiff because he satisfies all three requirements. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, Saad filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 6. Second, Saad has demonstrated that he satisfies the typicality and adequacy requirements of Rule 23 in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 7. Third, Saad is the only movant that has submitted sufficient information to establish a *bona fide* financial interest in this action. *See* Dkt. No. 8-3 (Saad's Certification, claiming a loss of $92,072.53). Accordingly, Saad is the presumptively most adequate plaintiff.

A.    **Memon Has Not Established That He Has A *Bona Fide* Financial Interest Because He Certified Sale Quantities Beyond His Claimed Holdings And Transaction Prices Outside The Daily Range**

Totaling Memon's certified purchases and sales during the Class Period reveals Memon sold 5,852 more shares than he owned. According to his certification, Memon was holding only 3,703 shares at the time he sold 9,555 shares on June 30, 2021. Thus, it appears that Memon already held 5,852 shares at the beginning of the Class Period. Yet Memon does not indicate in his loss chart that he had any opening position of Spero stock. If Memon did own any shares of stock prior to the Class Period (as it appears he did) then his loss calculation was performed

improperly, and his loss figure is simply incorrect.[2]  Moreover, Memon certified under penalty of perjury that he engaged in 19 transactions during the Class Period at prices outside the daily price ranges on the days they were executed.  *See* Ex. A.  Yet again, Memon provides no explanation as to how or why all of these sales were executed at prices outside the daily range.

Memon's failure to provide an accurate loss figure or submit sufficient information to allow Saad and the Court to verify Memon's true financial interest is disqualifying. *Karp v. Diebold Nixdorf, Inc.,* No. 19-cv-6180, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) (holding errors in loss calculation "militate against appointment and render [them] inadequate to serve as lead plaintiff") (alteration in original) (internal quotation marks and citation omitted); *Micholle v. Ophthotech Corporation*, No. 17-cv-210, 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) (holding date and pricing errors in a movant's submission "militate against appointment and render him inadequate to serve as lead plaintiff"); *Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, No. 14-cv-10020, 2015 WL 1345931, at *3 (S.D.N.Y. Mar. 19, 2015) (rejecting a movant in part because "publicly available trading data confirms the discrepancies" in the movant's submission); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414 (E.D. Pa. 2019) ("[E]rrors in Erenoglu's sworn statements amount to a substantial degree of carelessness and raise doubt as to whether he will fairly and adequately represent the best interests of the class."); *Nager v. Websecure, Inc.*, No. 97-cv-10662, 1997 WL 773717, at *1 (D. Mass. Nov. 26, 1997) ("The inaccuracy may be explainable, but it casts sufficient doubt on Mr. Renzer's adequacy as a representative plaintiff.").

---

[2] In the unlikely event that Memon did not own any stock prior to the class period, then he would be a short seller that sold more stock than he owned, exposing him to disqualifying unique defenses. *See, e.g.*, *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1110 (N.D. Cal. 2001) ("Short sales raise the question of whether the seller was actually relying on the market price, and the class is not served by its representative coming under such scrutiny.").

**B.     Saad Hereby Requests Discovery Into Memon's Transactions**

If the Court is willing to consider Memon's lead plaintiff motion despite the inaccurate loss figures and pricing issues identified above, Saad respectively requests limited discovery into Memon's transactions to determine whether Memon held shares at the start of the Class Period and why Memon's transactions fell outside the daily ranges. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iv); *Broadfoot v. Barrick Gold Corp.*, No. 17-cv-3507, 2017 WL 3738444, at *1 (S.D.N.Y. Aug. 9, 2017) (granting limited discovery where "there exists a potential that [the movant] is in a unique position that would defeat typicality and adequacy" and "[a]s a matter of case management, it would be preferable to engage now in a fuller examination of this question"); *Rao v. Quorum Health Corp.,* 221 F. Supp. 3d 987, 990 (M.D. Tenn. 2016) (granting limited discovery to determine if movant "will adequately represent the class and whether it is subject to any unique defenses").

**III.     THE PRESUMPTION THAT SAAD IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED**

The presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof has been presented that Saad would be inadequate or subject to unique defenses. As such, Saad should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (the lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").

4

**IV.    CONCLUSION**

For the foregoing reasons, Saad respectfully requests that the Court grant his motion and enter an Order: (1) appointing Saad as lead plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP  as lead counsel for the class; and (3) denying the competing motions.

Respectfully submitted,

DATED: August 8, 2022                    **GLANCY PRONGAY & MURRAY LLP**

By:  _/s/ Gregory B. Linkh_____
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Nabil Saad and Proposed Lead*
*Counsel for the Class*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On August 8, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 8, 2022, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh