UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SPERO THERAPEUTICS, INC. SECURITIES LITIGATION | Case No.  1:22-cv-03125-LDH-RLM |
| | REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF KASHIF MENON FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL |
| THIS DOCUMENT RELATES TO: All Actions | |

Movant Memon[1] respectfully submits this Memorandum of Law in further support of his motion for appointment as Lead Plaintiff and approval of his selection of Pomerantz as Lead Counsel (Dkt. No. 9).

## PRELIMINARY STATEMENT

The PSLRA instructs the Court to appoint as Lead Plaintiff the movant or group of movants with the greatest financial interest in the outcome of the litigation; and who satisfies the adequacy and typicality requirements of Rule 23.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The movant who satisfies both of the foregoing statutory criteria is entitled to a strong presumption that he or she is the "most adequate plaintiff" of the Class—*i.e.*, the Lead Plaintiff—a presumption that can be rebutted only upon "proof" that the presumptive lead plaintiff is inadequate, atypical and/or subject to a unique defense.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Memon is the only party before the Court seeking appointment as Lead Plaintiff.  One other putative Class member, Saad, also timely filed a motion on the statutory deadline, alleging a loss of $92,073—significantly less than Memon's loss of $163,918.  *See* Dkt. No. 7.  Saad then filed an opposition brief, in which he queried, *inter alia*, whether Memon's Certification (Dkt. No. 9-6) accurately stated the prices of all of his Class Period transactions in Spero stock.  *See generally* Dkt. No. 12.  However, before the reply deadline, Saad filed a notice of non-opposition to Memon's motion, acknowledging that Saad did not appear to be the presumptive Lead Plaintiff in this Action.  Dkt. No. 13.

---

[1] All capitalized terms herein are defined in Memon's moving or opposition briefs, unless otherwise indicated.  *See* Dkt. Nos. 9-2, 11.

With Saad having stated his non-opposition to Memon's appointment as Lead Plaintiff, Memon's motion is unopposed.  Memon nonetheless respectfully submits this memorandum of law in further support of his motion to address points raised in Saad's opposition brief.

## ARGUMENT

### Memon Satisfies the PSLRA's Criteria for Appointment as Lead Plaintiff

The PSLRA creates a strong presumption that the "most adequate plaintiff"—*i.e.*, the Lead Plaintiff—is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The movant that has the largest financial interest need only make a *prima facie* showing at this stage that he or she satisfies the adequacy and typicality requirements of Rule 23.  *See Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007).  Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class.  15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

Here, the most adequate class representative is Memon.  First, there is no dispute that Memon possesses the largest financial interest in the litigation, having incurred losses of approximately $163,918.  *See* Dkt. No. 9-2.  On the statutory motion deadline, one other putative Class member, Saad, filed a competing motion, claiming a loss of $92,073.  Saad has never disputed that Memon possesses the largest financial interest, and after initially filing an opposition brief (raising arguments addressed below), Saad filed a statement of non-opposition to Memon's motion.  Dkt. No. 13.

Second, as set forth in greater detail in his motion brief, Memon has made the requisite *prima facie* showing that he satisfies the adequacy and typicality requirements of Rule 23.  *See*

Dkt. No. 9-2 at 8-10.   Saad, in his opposition brief, questioned Memon's adequacy, on the purported basis that certain of the trades listed on Memon's Certification (Dkt. No. 9-6) were at prices outside of the range within which Spero shares traded during market hours on the dates in question, and thus questioned whether Memon's Certification was accurate.   Dkt. No. 12. However, Memon's purchases on those dates occurred pre/post-market, and the prices attested to on his Certification are within the pre/post-market trade range on those dates.   Apparently acknowledging as much, Saad abandoned this argument in filing his statement of non-opposition to Memon's motion.[2]

Accordingly, there is no dispute that Memon satisfies all of the PSLRA's criteria for appointment as Lead Plaintiff, and Memon thus respectfully requests that the Court grant his unopposed motion in its entirety.

Dated:  August 15, 2022

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Thomas H. Przybylowski
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Kashif Memon and Proposed Lead Counsel for the Class*

---

[2] Saad's opposition brief also questioned whether Memon's losses reflected transactions in Spero securities that were not reflected in his Certification.  Memon's Certification did inadvertently omit certain purchases of Spero stock that occurred prior to the Class Period.  However, taking these purchases into account actually increases his loss to $252,682.  Memon has submitted an Amended Certification to clarify the inadvertent error.  *See* Declaration of Jeremy A. Lieberman in Further Support of Motion, Ex. A.

THE SCHALL FIRM
Brian Schall
(*pro hac vice* application forthcoming)
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
brian@schallfirm.com

*Additional Counsel for Kashif Menon*

4