UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SPERO THERAPEUTICS, INC. SECURITIES LITIGATION | Case No.  1:22-cv-03125-LDH-RLM |
| THIS DOCUMENT RELATES TO: All Actions | SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF KASHIF MEMON FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL |

Pursuant to this Court's Order entered August 19, 2022, Movant Memon[1] respectfully submits this supplemental Memorandum of Law in further support of his motion for appointment as Lead Plaintiff and approval of his selection of Lead Counsel in this consolidated action (Dkt. No. 9).

## PROCEDURAL HISTORY AND BACKGROUND

On the July 25, 2022 statutory deadline to seek appointment as Lead Plaintiff in this litigation, two movants filed competing motions: (i) Memon, claiming a loss of $163,918 in connection with the Defendants' alleged fraud (Dkt. No. 9); and (ii) Saad, claiming a loss of $92,073 (Dkt. No. 6).

On August 8, 2022, Saad filed an opposition brief in which he did not dispute that Memon had alleged the largest financial interest in this litigation but questioned the appropriateness of Memon's appointment, citing what appeared to Saad to be "discrepancies" in Memon's motion papers. Dkt. No. 12 at 1. First, Saad noted that "Memon claims to have sold 5,852 more shares than he certified he owned on June 30, 2021." *Id.* Second, Saad questioned the accuracy of the schedule of transactions attested to in Memon's Certification (Dkt. No. 9-6), noting that "Memon certified that he engaged in at least 19 transactions that occurred at prices outside the daily range on the days they were purportedly executed[.]" *Id.*

On August 15, 2022, Saad filed a notice of his non-opposition to Memon's Lead Plaintiff motion. Dkt. No. 13. Saad's notice of non-opposition acknowledged that he had "rais[ed] potential issues related to Mr. Memon's financial interest" in his opposition brief, but that following "conference[] with Mr. Memon's counsel . . . and upon further review of the record . . .

---

[1] All capitalized terms herein are defined in Memon's moving, opposition or reply briefs, unless otherwise indicated. *See* Dkt. Nos. 9-2, 11, 14.

Mr. Saad no longer opposes Mr. Memon's Motion." *Id.* at 1. On August 15, 2022, Memon filed a reply in which he acknowledged Saad's non-opposition but nonetheless addressed in brief the "potential issues" that Saad initially raised in his opposition. *See generally* Dkt. No. 14. Appended to Memon's reply was an Amended Certification reflecting two additional purchases of Spero stock that were inadvertently omitted from his initial motion papers, the inclusion of which increased Memon's alleged losses. Dkt. No. 14-2.

On August 19, 2022, the Court entered an Order, finding that Memon's reply had "fail[ed] to substantively address the concerns raised in Saad's opposition" and directing Memon to "supplement his submissions to address the purported issues concerning his loss calculation and candidacy for appointment as lead plaintiff[.]"

Memon hereby respectfully responds to the Court's Order.

## **ARGUMENT**

### 1. **Memon's Submissions Accurately Present His Financial Interest in This Litigation**

Both of the questions raised by Saad in his opposition relate to the accuracy of the transaction schedule appended to Memon's Certification. First, Saad flagged as an apparent "discrepanc[y]" the fact that "Memon claims to have sold 5,852 more shares than he certified he owned on June 30, 2021[.]" Dkt. No. 12 at 1. Second, Saad noted that Memon's Certification attested to having "engaged in at least 19 transactions that occurred at prices outside the daily range"—*i.e.*, the price range within which Spero stock traded during market hours—"on the days they were purportedly executed[.]" *Id.* As explained below, however, Memon's submissions fully and accurately set forth his Class Period transactions in Spero securities as required by the PSLRA and otherwise accurately present his financial interest in this litigation.

2

A.    **Memon's Amended Certification Sets Forth All of his Class Period Trades in Spero Stock**

Memon's Amended Certification (Dkt. No. 14-2) lists all of his transactions in Spero stock during the Class Period in this litigation, as required by the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(2)(A)(iv) ("Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification . . . that sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint[.]").  In his opposition brief, Saad observed that Memon's Certification reflected sales of 5,852 more shares of Spero stock than Memon attested to having purchased during the Class Period, leading Saad to speculate that Memon may have "own[ed] shares of stock *prior* to the Class Period" which might account for the apparent discrepancy between shares purchased and sold.  Memon did, in fact, own 8,120 shares of Spero stock prior to the Class Period.  Yet the PSLRA only requires that a movant's Certification reflect "all of the transactions of the plaintiff in the [subject security] *during* the class period", 15 U.S.C. § 78u-4(a)(2)(A)(iv) (emphasis added), and thus does not require *pre-*Class Period stock holdings to be listed on a movant's Certification—nor has Saad argued otherwise.  Memon's omission of his pre-Class Period transactions thus does not render his Certification defective.

Memon's initial Certification did inadvertently omit two purchases of Spero stock, totaling 200 shares, that occurred during the Class Period, comprising a small fraction of Memon's total Class Period purchases of 51,446 Spero shares.  Upon realizing the oversight, Memon submitted an Amended Certification with his reply papers, which includes the initially omitted purchases and otherwise fully sets forth all of his Class Period transactions in Spero securities, as required by the

3

PSLRA. *See* Dkt. No. 14-2. Taking these purchases into account increases Memon's loss. *See* Dkt. No. 14 at 3 n.2.[2]

**B.      All of the Transaction Prices in Memon's Certification Are Accurate**

All of the transaction prices set forth in Memon's Certification are accurate. In his opposition, Saad observed that certain of Memon's transactions in Spero stock "occurred at prices outside" the price range within which Spero stock traded during market hours on the relevant dates. *See* Dkt. No. 12 at 1. Characterizing these trade prices as "discrepancies" (Dkt. No. 12 at 1), Memon requested an explanation as to "why Memon's transactions fell outside the daily ranges." *Id.* at 4.

As Memon explained in his reply (*see* Dkt. No. 14 at 2), the transaction prices at issue fell outside the daily price ranges on the days in question because Memon's trades occurred ***before*** or ***after*** market trading hours (*i.e.*, pre- or post-market) on those dates, whereas Saad limited his inquiry only to the range of prices within which Spero stock traded ***during*** market hours. The table below provides the pre- and post-market price ranges on the dates in question, as well as the prices at which Memon has attested to purchasing or selling Spero stock on those dates:

---

[2] Memon's reply brief inadvertently described these two initially omitted transactions as occurring "prior to" rather than "during" the Class Period, but the Amended Certification submitted therewith properly reflected that these transactions occurred during the Class Period.

| Date | Number of Shares Purchased (Sold) | Transaction Price (Per Share) | Pre- or Post-Market? | Pre-Market Price Range | | Post-Market Price Range | |
|---|---|---|---|---|---|---|---|
| | | | | Low | High | Low | High |
| 6/30/2021 | 10 | $19.40 | Post | | | $13.96 | $21.00 |
| 6/30/2021 | 402 | $19.44 | Post | | | $13.96 | $21.00 |
| 6/30/2021 | 468 | $16.50 | Post | | | $13.96 | $21.00 |
| 6/30/2021 | 480 | $17.45 | Post | | | $13.96 | $21.00 |
| 6/30/2021 | 520 | $17.20 | Post | | | $13.96 | $21.00 |
| 6/30/2021 | 588 | $19.10 | Post | | | $13.96 | $21.00 |
| 6/30/2021 | (100) | $16.51 | Post | N/A | | $13.96 | $21.00 |
| 6/30/2021 | (100) | $16.66 | Post | | | $13.96 | $21.00 |
| 6/30/2021 | (196) | $16.65 | Post | | | $13.96 | $21.00 |
| 6/30/2021 | (49) | $16.69 | Post | | | $13.96 | $21.00 |
| 6/30/2021 | (50) | $16.62 | Post | | | $13.96 | $21.00 |
| 6/30/2021 | (50) | $16.63 | Post | | | $13.96 | $21.00 |
| 6/30/2021 | (9,555) | $16.45 | Post | | | $13.96 | $21.00 |
| 7/1/2021 | 1,000 | $17.50 | Pre | $15.71 | $19.41 | | |
| 7/1/2021 | 1,000 | $17.55 | Pre | $15.71 | $19.41 | N/A | |
| 9/24/2021 | (2,309) | $19.51 | Pre | $19.17 | $19.51 | | |
| 2/4/2022 | 200 | $10.99 | Post | | | $10.50 | $10.99 |
| 3/31/2022 | 1,000 | $7.00 | Post | N/A | | $6.50 | $8.70 |
| 3/31/2022 | 500 | $6.74 | Post | | | $6.50 | $8.70 |

As the table reflects, all of the 19 transactions flagged by Memon were at prices within the relevant pre- or post-market price ranges on the dates in question. There are thus no "discrepancies" or errors in the transaction prices set forth in Memon's submissions.

## CONCLUSION

For the foregoing reasons and the reasons set forth in his moving, opposition and reply briefs (Dkt. Nos. 9-2, 11, 14), Memon respectfully requests that the Court issue an Order: (1) appointing Memon as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated:  August 24, 2022

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Thomas H. Przybylowski
600 Third Avenue
New York, New York 10016

5

Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Kashif Memon and Proposed Lead
Counsel for the Class*

THE SCHALL FIRM
Brian Schall
(*pro hac vice* application forthcoming)
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
brian@schallfirm.com

*Additional Counsel for Kashif Memon*